**COMJD**
JASON R. MAIER, ESQ.
Nevada Bar No. 8557
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
STEPHEN G. CLOUGH, ESQ.
Nevada Bar No. 10549
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone:  702.629.7900
Facsimile:   702.629.7925
E-mail:       jrm@mgalaw.com
                    jag@mgalaw.com
                    sgc@mgalaw.com
*Attorneys for Plaintiff Matthew Minton*

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW MINTON, an individual;<br><br>                              Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA;<br><br>                              Defendants. | Case No.:<br><br>**COMPLAINT** |

### ORIGINAL COMPLAINT FOR DAMAGES
### UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff MATTHEW MINTON demands a trial by jury and complains and alleges against the United States Government as follows:

**I.**

**JURISDICTION, VENUE, AND CONDITIONS PRECEDENT**

1.     Plaintiff MATTHEW MINTON is, and at all times pertinent hereto was, a resident of Clark County, Nevada.

/ / /

2. The claims herein are brought against the U.S. pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §§1346(b)(1), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of agents and employees of the United States Government.

3. Venue is proper in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the District of Nevada, and arose from the negligent acts perpetrated against MATTHEW MINTON by the Defendant U.S. Government and its employee RYAN JORDAN.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

5. This suit has been timely filed, in that Plaintiff timely served notice of his claim on U.S. Department of Justice, Federal Bureau of Investigation, Las Vegas Division, 1787 W. Lake Mead Blvd., Las Vegas, Nevada 89106 on July 12, 2018. Attached hereto and titled "Exhibit 1" is the administrative claim with attachments.

6. On January 28 2019, Defendant sent a "Final Settlement offer" to Plaintiff. Attached hereto as "Exhibit 2". Plaintiff rejected the offer.

## II.

## **EVENTS FORMING THE BASIS OF THE CLAIMS**

7. Plaintiff MATTHEW MINTON is, and at all times pertinent hereto was, a resident of Clark County, Nevada.

8. Upon information and belief, defendant RYAN JORDAN is, and at all times pertinent hereto was, a resident of Clark County, Nevada and an employee or agent of The United States of America.

9. That plaintiff MATTHEW MINTON is and, at all times mentioned herein, was the driver of a 1985 Ford Bronco.

10. That defendant RYAN JORDAN is, and at all times mentioned herein, was the driver of a Chevy Silverado K2500 HD.

///

11. On or about October 11, 2016, in Clark County, Nevada, defendant RYAN JORDAN failed to use due care on the roadway, and struck the vehicle in which plaintiff was operating.

12. As a direct and proximate result of the negligence of defendant, plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to plaintiff's damage in a sum of $753,500.00.

13. The acts of defendant, as described herein, violated the traffic laws of Clark County and the state of Nevada, which also constitutes <u>negligence per se</u>, and plaintiff has been damaged as a direct and proximate result thereof in an amount of $753,500.00.

14. As a direct and proximate result of the negligence of defendant, plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to the damage of plaintiff.

15. As a direct and proximate result of the negligence of defendant, plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause plaintiff a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount.

16. As a direct and proximate result of the aforementioned negligence of defendant, plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

**III.**

**FIRST CLAIM FOR RELIEF**

**(Respondeat Superior/Vicarious Liabilty)**

17. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein, and incorporates the same herein by reference.

18. At all times mentioned herein, RYAN JORDAN was an employee of the United States Government.

19. Upon information and belief, at the time of the collision, RYAN JORDAN was acting within the courts and scope of his employment with the United States Government while driving the vehicle.

20. Upon information and belief, at the time of the collision, RYAN JORDAN was on a business errand on behalf of the United States Government or furthering a business purpose of the United States Government.

21. Upon information and belief, RYAN JORDAN was under the United States Government's control at the time of the collision.

22. Upon information and belift, the relationship between RYAN JORDAN and the United States Government is that of superior/subordinate and/or employer/employee.

23. The acts and events set forth above constitute negligent acts of agents and employees of the United States Government, while acting within the scope of their offices and employment, under circumstances where the Defendant United States Government, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Nevada.

## SECOND CLAIM FOR RELIEF

### (Negligence/Negligence Per Se)

24. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein, and incorporates the same herein by reference.

25. Defendant owed a duty of care to plaintiff to operate a vehicle in a reasonable and safe manner.

26. Defendant breached that duty of care by striking plaintiff's vehicle.

27. The acts of defendants, and each of them, as described herein, violated the traffic laws of Clark County and the state of Nevada, which also constitutes negligence per se, and plaintiffs have been damaged as a direct and proximate result thereof in an amount of $753,500.00.

28. As a direct and proximate result of the negligence of defendant, plaintiff sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to plaintiff's damage in a sum in excess of $753,500.00.

29. As a direct and proximate result of the negligence of defendant, plaintiff received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to the damage of plaintiff.

///

30.     As a direct and proximate result of the negligence of defendant, plaintiff has been required to, and has limited occupational and recreational activities, which have caused and shall continue to cause plaintiff a loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in the amount of $753,500.00

31.     As a direct and proximate result of the aforementioned negligence of defendant, plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## IV.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1.  For a judgment in favor of plaintiff and against defendant on the complaint and all claims for relief asserted therein;

2.  For an award of monetary damages in the amount in of $753,000.00 to be proven at trial;

3.  For an award of reasonable attorney's fees and costs incurred in this action; and

4.  For such other and further relief as the Court may deem proper.

DATED this 11th day of March, 2019.

**MAIER GUTIERREZ & ASSOCIATES**

 */s/ Stephen G. Clough*_____
JASON R. MAIER, ESQ.
Nevada Bar No. 8557
JASON R. MAIER, ESQ.
Nevada Bar No. 8557
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
STEPHEN G. CLOUGH, ESQ.
Nevada Bar No. 10549
STEPHEN G. CLOUGH, ESQ.
Nevada Bar No. 10549
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Matthew Minton*